FILED
03 MAY 13 AM 8:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHERMAN COLE; | ) |
|     Plaintiff, | ) |
| vs. | ) CV 02-J-1940-S |
| JOHNSON BROTHERS WINE INC. OF ALABAMA; | ) |
|     Defendant. | ) |

ENTERED
MAY 13 2003

## MEMORANDUM OPINION

Pending before the court is defendant's motion for summary judgment (doc. 27). The court has reviewed defendant's motion and the parties' other submissions.

### I. Background

Plaintiff Sherman Cole, began working for defendant Johnson Brothers Wine, in 1998 as a warehouse laborer. Thomas Depo. at 10; Plaintiff's Exh. 5. On March 16, 2000, plaintiff suffered a back strain from repetitive heavy lifting, which is a common injury among defendant's employees. Plaintiff's Depo. at 217, 221. On July 25, 2000, plaintiff filed a charge of discrimination with the EEOC alleging that he was denied a promotion because of his race. Defendant's Exh. 5. This position was ultimately awarded to Darryl Hulsey, one of plaintiff's white co-workers. On February 6, 2001, plaintiff came into his supervisor's office, Erik Thomas, and told him that he needed to go home and see a doctor because his back hurt. Plaintiff was allowed to leave work and see

38

a doctor, but plaintiff was instructed to check in with defendant after seeing the doctor. Thomas Depo. at 37. Plaintiff asserts that he did call in to defendant on February 7, 2001, but defendant asserts that no such call was ever made. Plaintiff's Affidavit at ¶16. Plaintiff concedes that he made no further contact to defendant until February 12, 2001. Defendant's Exh. 11.

On February 12, 2001, plaintiff's wife came to defendant's offices with a note from plaintiff's doctor indicating that he could return to work. Defendant's Exh. 11. However, upon arriving at the offices, plaintiff's supervisor gave her a letter indicating that plaintiff's employment had been terminated because he failed to show up for work without notifying defendant for three consecutive days. Plaintiff's Depo. at 186. On August 7, 2002, plaintiff filed this claim for termination due to race discrimination, retaliatory discharge for filing an EEOC charge, interference with FMLA rights, and retaliatory discharge for exercising FMLA rights (doc. 1).

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment

standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. Pro. 56(c); *Matsushita*, 475 U.S. at 587. *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case...A

3

genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991).

### III. Analysis

A. Race Based Termination Claim:

In order to set forth a prima facie case of disparate treatment race discrimination, plaintiff must demonstrate: (1) that he belongs to a protected class; (2) that he was qualified for the job; and (3) that a similarly situated employee outside of the protected class engaged in the same or similar misconduct but did not receive similar discipline. *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1336 (11th Cir. 2000); *Lathem v. Department of Children and Youth Services*, 172 F.3d 786, 792 (11th Cir. 1992). The sole element of plaintiff's prima facie case in dispute in this action is whether plaintiff has demonstrated the existence of a similarly situated individual.

Plaintiff asserts that a white co-employee named Daryl Hulsey is a similarly situated individual treated differently as he was not terminated after missing work for approximately a month and was able to return to work under a light duty restriction.

Plaintiff's Affidavit at ¶ 21. However, Hulsey is not an appropriate comparator because there is no evidence in the record that Hulsey failed to contact defendant prior to missing any work. On the other hand, even in the light most favorable to plaintiff, plaintiff did not apprize defendant that he would continue to be absent from work. At best, plaintiff notified defendant on February 7, 2001, the day after he left work, that he would not be in that day. Plaintiff's Affidavit at ¶16. Plaintiff concedes that he made no attempt to contact defendant after that date. Thus, plaintiff and Hulsey did not engage in similar misconduct while receiving dissimilar discipline. Accordingly, plaintiff's claim for race based termination is due to be dismissed.

B. Race Based Retaliatory Discharge Claim:

Plaintiff also sets forth a claim based upon his allegation that he was terminated from employment with defendant in retaliation for his filing of an EEOC charge. In order to establish a prima facie case of retaliation under Title VII, plaintiff must demonstrate that: (1) he engaged in protected activity; (2) his employer took an adverse employment action against him; and (3) there was a causal connection between the protected activity and the adverse employment action. *Berman v. Orkin Exterminating Company, Inc.*, 160 F.3d 697, 702 (11th Cir. 1998).

The termination of plaintiff from defendant's employment clearly constitutes an adverse employment action and as such, plaintiff is left with proving only that he engaged

in protected activity and some causal connection existed between the two. Plaintiff filed an EEOC charge on July 25, 2000 on the grounds that he was denied a position, because of his race, that was later awarded to Darryl Hulsey. Defendant's Exh. 5. However, defendant asserts that this EEOC charge does not constitute protected activity by plaintiff because he admits that he was never qualified for this position. Plaintiff's Depo. at 112, 312.[1]  An employee engages in protected activity only where "he had a good faith reasonable belief that the employer was engaged in unlawful employment practices." *Little v. United Technologies, Carrier Transicold Division*, 103 F.3d 956, 960 (11th Cir. 1997). The employee must not only have subjectively believed that the employer was engaged in an unlawful employment practice, but the employee's belief must also be objectively reasonable in light of the facts of the situation. *Id.* Accordingly, plaintiff's belief that he was not qualified for the position that was the subject of the EEOC charge means that the filing of that charge did not constitute protected activity.

Plaintiff also fails to set forth a prima facie case because he cannot demonstrate that a causal connection existed between his alleged protected activity and the adverse employment action. Seven months elapsed between the filing of plaintiff's EEOC charge and plaintiff's termination from defendant's employment. While a causal connection may be inferred from a close proximity of the protected activity and the termination, the

---

[1] Plaintiff now states in a subsequent affidavit that he was qualified for the position, but a contradictory affidavit to plaintiff's deposition testimony may not be relied upon in summary judgment. *Van T. Junkins & Assocs. v. U.S. Indus.*, 736 F.2d 656, 656 (11th Cri. 1984).

circumstances of this case do not demonstrate that seven months constitutes a close temporal proximity between the two events. Without any evidence beyond the elapsed time between the two events, the seven month temporal proximity is insufficient to create a jury issue on causation.

Plaintiff also asserts that the five day temporal proximity between his termination and issuance of a right to sue letter in relation to his previously filed EEOC charge should be considered as evidence of a causal connection. Plaintiff's Exh. 7. However, the issuance of a right to sue letter is not a protected activity of the employee. *Marquez v. Baker Process, Inc.*, 42 Fed. Appx. 272, 276 (10th Cir. 2002); *Clark County School District v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001). A causal connection should be evaluated based upon the employee's protected activity, which is in this case the filing of plaintiff's EEOC charge. *Marquez*, 42 Fed. Appx. at 276. It may be appropriate to evaluate a causal connection from the time when a right to sue letter was issued, but only where the letter constituted the initial notice to defendant of plaintiff's charge of discrimination. *Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1294 n.2 (9th Cir. 2001). In this case, there is no evidence that the issuance of the right to sue letter was the first notification to defendant that plaintiff had filed a charge with the EEOC. Accordingly, as the only evidence in the record of a causal connection is a temporal proximity of seven months, plaintiff has failed to meet his burden of demonstrating the existence of such a connection.

C. Interference with FMLA Rights:

Plaintiff also asserts that defendant violated his rights under the Family Medical Leave Act (FMLA). To set forth a claim for interference with FMLA rights, plaintiff need demonstrate only that he was entitled to the claimed benefit under FMLA and defendant denied that benefit. *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1353-54 (11th Cir 2000). FMLA entitles an employee to leave where that employee has a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). A "serious health condition" is defined under FMLA as "an illness, injury, impairment, or physical or mental condition that involves (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Additionally, the Code of Federal Regulations indicates that a "serious health condition" includes instances where an employee suffered from:

> A period of incapacity...of more than three consecutive calender days and...(A) Treatment two or more times by a health care provider...or (B) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.

29 C.F.R. § 825.114. More specifically, the legislative history of FMLA indicates that the Senate considered back injuries when writing FMLA and that a back injury would only be considered a serious health condition where it "required extensive therapy or surgical procedures." S.Rep.No. 103-3 at 29. In *Kaylor v. Fannin Regional Hospital,*

8

*Inc.*, 946 F.Supp. 988, 997 (N.D. Ga. 1996), the court found that plaintiff's incapacitation for three weeks due to a back injury qualified as a serious health condition.

The evidence in the record indicates that there is a question of fact as to whether plaintiff suffered from a "serious health condition." Plaintiff's injury was diagnosed as a herniated disk by his doctor and his doctor recommended that he undergo physical therapy for the injury. Plaintiff's Affidavit at ¶¶12,13. Moreover, plaintiff missed at least three days of work and the evidence indicates that plaintiff was under the care of a physician at least twice. *Id.* Accordingly, there is at least a question of fact as to whether plaintiff suffered from a serious health condition.

However, defendant also asserts that plaintiff's claim is deficient because he failed to provide proper notice to defendant of his need for an absence under FMLA. Plaintiff must provide his employer with "notice sufficient to make the employer aware that [his] absence is due to a potentially FMLA-qualifying reason." *Gay v. Gilman Paper Co.*, 125 F.3d 1432, 1436 (11th Cir 1997). There is no requirement that plaintiff mention FMLA by name when he requests a leave of absence from work. *Strickland v. Birmingham Water Works*, 239 F.3d 1199, 1209 (11th Cir. 2001). In essence, the burden of notice in a FMLA situation is very low, a plaintiff must only indicate that he will be absent from work for a medical reason. *Price v. City of Fort Wayne*, 117 F.3d 1022, 1026 (7th Cir. 1997). The burden is then on the employer to inquire further into the situation. *Id.* at 1036.

Defendant's only notice from plaintiff was that he had a back injury and needed to

see a doctor. Plaintiff failed to inform defendant that this was a serious injury that could potentially come under FMLA. However, despite this failure to inform defendant of the seriousness of the injury, the burden is on defendant to inquire further into plaintiff's condition. Defendant in fact did attempt to inquire further into plaintiff's medical condition. *Strickland*, 239 F.3d at 1209. Defendant made numerous calls to plaintiff at his home, but there was never any answer, and plaintiff concedes that he made no effort to contact the defendant from February 8th until February 12th when his wife brought in a note. Thomas Depo. at 37.; Defendant's Exh. 11. Accordingly, plaintiff's claim is due to be dismissed for failure to provide adequate notice to defendant that his medical condition could fall within the FMLA. Defendant could not possibly meet its burden of determining if plaintiff's leave would fall under FMLA when defendant could not get in touch with plaintiff and plaintiff made no effort to apprize defendant of his situation.

D. Retaliation for using FMLA:

Plaintiff's final claim is for retaliatory discharge for making use of his rights under FMLA. The burden shifting analysis set forth under *McDonnell Douglas*, is utilized in FMLA retaliation cases when no direct evidence of discrimination has been proffered. 411 U.S. 792, 802-05, 93 S.Ct. 1817 (1973). To establish a prima facie case, plaintiff need demonstrate that: (1) he engaged in protected activity; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between

the protected activity and the adverse employment action. *Berman v. Orkin Exterminating Company, Inc.*, 160 F.3d 697, 701 (11th Cir. 1998). Defendant asserts that plaintiff cannot meet his burden that he engaged in protected activity or that the alleged protected activity was causally related to his termination.

First, based upon the court's finding that plaintiff did not exercise his rights under FMLA, plaintiff did not engage in protected activity. Thus, plaintiff has failed to set forth a prima facie case due to his failure to demonstrate this element.

Second, plaintiff's prima facie case fails because he cannot demonstrate the existence of a causal connection. To meet his burden of demonstrating the existence of a causal connection between his termination and his protected activity, plaintiff must demonstrate that the "decision-maker was aware of the protected conduct," and "that the protected activity and the adverse action were not wholly unrelated." *Gupta v. Florida Board of Regents*, 212 F.3d 571, 587 (11th Cir. 2000). The Eleventh Circuit has held in the context of an FMLA case that:

> We read *Brungart* holding that close proximity in time between the protected activity and the adverse employment decision does not, standing alone, establish the third element of a prima facie case. Instead, the close proximity merely buttresses other evidence (direct or circumstantial) in the case indicating that the decision maker had notice of the protected activity.

*Strickland v. Water Works and Sewer Board of City of Birmingham*, 239 F.3d 1199, 1207-08 n.10 (11th Cir. 2001). Absent some other means of demonstrating discriminatory animus as the root of an adverse employment action, plaintiff must demonstrate both

close proximity between the actions and notice on the defendant's part that plaintiff was engaged in protected activity. *Id.* As noted above, a claim for interference with an individual's rights under FMLA does not require that the employer had actual notice that plaintiff had exercised his FMLA rights, only that the employer should have had notice. *Id.*

Nothing in the record indicates that defendant had actual notice of plaintiff's exercise of FMLA rights. Plaintiff never mentioned FMLA to his employer at any time prior to plaintiff's termination. Furthermore, defendant attempted to contact plaintiff numerous times following his departure from work and defendant was never able to get in touch with plaintiff. Thomas Depo. at 37. Accordingly, as there is no evidence that defendant knew about plaintiff's invocation of FMLA, plaintiff's claim that defendant retaliated against him because he exercised his FMLA rights must be dismissed.

## IV. Conclusion

Based upon the foregoing, defendant's motion for summary judgment is **GRANTED**. Plaintiff's claims against defendant are **DISMISSED WITH PREJUDICE**. Each party is to bear its own costs.

**DONE** and **ORDERED** this the ___12___ day of May 2003.

_____<br>
Inge P. Johnson<br>
U.S. District Judge